IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Christina Fant and Alvin E. Jordan, Jr., | C/A No. 5:12-708-JMC-PJG |
| Plaintiffs, | |
| v. | |
| City of Sumter; Robbie Richburg; Officer Vaughn; County of Orangeburg; Officers John Doe; County of Clarendon; Agent Thrower, *of Orangeburg County Sheriffs Office*; Sumter County; Officers John Doe, *of Sumter Co. Sheriff's Department*; Darren Quiroz, *or different spelling of Sumter County Law Enforcement*, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiffs, who are self-represented,[1] filed this civil action in March 2012. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

On February 19, 2013, the court issued a Docket Text Order granting Defendant Thrower's motion to compel discovery responses from the plaintiffs. (ECF No. 57.) In its order, the court directed the plaintiffs to respond to Defendant Thrower's discovery requests within fifteen days from the date of the order. Having received no discovery responses from the plaintiffs, Defendant Thrower filed a motion for sanctions requesting that, "as the plaintiffs appear not to desire to prosecute the action, . . . the action should be dismissed." (ECF No. 60.) The plaintiffs did not file a response to Defendant Thrower's motion. Thus, it appears that the plaintiffs have failed to cooperate in discovery and failed to comply with an order of the court.

---

[1] Previous attorneys for plaintiffs were granted leave to be relieved as counsel.



On November 8, 2013, the defendants served the plaintiffs with an amended notice of deposition. The defendants filed a joint motion to dismiss for lack of prosecution based on the plaintiffs' failure to appear for their depositions scheduled for November 18, 2013.[2] (ECF No. 85.) In their motion, the defendants also note that the plaintiffs' depositions had previously been noticed in July 2013 when they were represented by counsel; however, the plaintiffs failed to appear for those depositions as well.[3] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendants' motion. (ECF No. 87.) The plaintiffs were specifically advised that if they failed to respond adequately, the defendants' motion may be granted, thereby ending the plaintiffs' case. (Id. at 1.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiffs have failed to respond to the motion. As such, it appears to the court that they do not oppose the motion and wish to abandon this action.

---

[2] The defendants note that plaintiffs did not contact counsel for the defendants during business hours to advise them as to any potential conflict or inability to attend the deposition; rather, the plaintiffs sent a letter via facsimile purportedly at 2:15 p.m. on Friday, November 15, 2013 (but see Time/Date Stamp of 4:56 p.m., November 16, 2013, ECF No. 85-2 at 2) informing the defendants that they could not attend the Monday, November 18 deposition due to inadequate notice.

[3] The defendants filed a joint motion to dismiss or, in the alternative, motion to enlarge the scheduling order on July 18, 2013. The discovery deadline was subsequently extended by Docket Text Order and the motion to dismiss was denied without prejudice. (See ECF No. 68.)



## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution, failure to cooperate in discovery, and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

January 7, 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).