IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Christina Fant and Alvin E. Jordan, Jr., ) | Civil Action No. 5:12-cv-00708-JMC |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| Debbie Reser (or Reiser); Lake Marion ) | |
| Resort and Marina; City of Sumter, South ) | |
| Carolina; Robbie Richburg; Officer Vaughn; ) | |
| County of Orangeburg, South Carolina; ) | |
| Officers John Doe(s) et al; County of ) | |
| Clarendon, South Carolina; Officers John ) | |
| Doe(s) et al; The Board of Lake Marion ) | |
| Resort and Marina; Directors and Members ) | **ORDER AND OPINION** |
| of the Board of Lake Marion Resort and ) | |
| Marina Individually; Water Holidays ) | |
| Owner's Assn Inc.; Agent Thrower of ) | |
| Orangeburg County Sherriff's Office; ) | |
| Danny Ellis; Nina Ellis; David Ard; ) | |
| Sumter County, South Carolina; Officers ) | |
| John Doe(s) of Sumter Co. Sheriff's ) | |
| Department; Darren Quiroz (or different ) | |
| spelling) of Sumter County Law ) | |
| Enforcement; President of Lake Marion ) | |
| Resort and Marina, ) | |
| Frank (last name unknown),[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), (ECF No. 95), filed January 8, 2014, recommending that the court dismiss this action with prejudice for lack of prosecution, failure to cooperate in discovery, and

---

[1] The court has previously terminated Defendants Debbie Reser (or Reiser), Lake Marion Resort and Marina, The Board of Lake Marion Resort and Marina, Directors and Members of the Board of Lake Marion Resort and Marina Individually, Water Holidays Owner's Assn Inc., Danny Ellis, David Ard, and President of Lake Marion Resort and Marina, Frank (last name unknown). (ECF No. 27.) Additionally, the court has terminated Nina Ellis. (*See* ECF No. 17.)

1

failure to comply with a court order. The magistrate judge's Report takes into consideration the Motion of Defendant Thrower for Sanctions for Plaintiff's Failure to Cooperate with Discovery (ECF No. 60) and the remaining Defendants' Joint Motion to Dismiss for Failure to Prosecute, or in the Alternative Motion to Enlarge Time under Scheduling Order, on Behalf of Defendants (ECF No. 85). For the reasons set forth below, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** this action with prejudice.

## PROCEDURAL HISTORY

On March 9, 2012, this action was removed to this court from the Court of Common Pleas for Orangeburg County, pursuant to 28 U.S.C. § 1331, based on this court's federal question jurisdiction. Plaintiffs allege claims under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights and multiple supplemental state law claims arising out of the search of their property. (ECF No. 1.)

On August 28, 2012, Defendant Thrower served interrogatories and requests for production upon Plaintiffs; however, they did not respond to these discovery requests. On October 11, 2012, the court granted Plaintiffs' counsel's (Timothy Griffith) Motion to Withdraw as Counsel (ECF No. 30) and allowed Plaintiffs thirty (30) days to seek other counsel should they desire to do so. Plaintiffs' new counsel (Warren Westbrook Wills, II, and Nicholas Gray Thomas) made an appearance on October 24, 2012 (ECF No. 38), but Plaintiffs had still not responded to Defendant Thrower's discovery requests. Thereafter, the court extended the scheduling order deadlines. (ECF No. 41.) On February 19, 2013, the court granted Defendant Thrower's Motion to Compel and ordered Plaintiffs to respond to the discovery requests within fifteen (15) days of the order. (ECF No. 57.) Plaintiffs, however, did not respond to the discovery requests or the motion to compel.

On March 14, 2013, Defendant Thrower moved the court for sanctions for Plaintiffs' failure to cooperate with discovery. (ECF No. 60.) Defendant Thrower sought an order from the court imposing sanctions upon Plaintiffs, including but not limited to, dismissal of this action. *Id.* The court again extended the scheduling order, which allowed the parties to have additional time to complete discovery. (ECF No. 62.) Still not having received adequate discovery responses from Plaintiffs[2], on July 18, 2013, Defendants filed a Joint Motion to Dismiss for Failure to Prosecute, or in the Alternative Motion to Enlarge Time Under Scheduling Order, on Behalf of Defendants (ECF No. 66), because Plaintiffs failed to appear for their properly noticed depositions. Although Plaintiffs' new counsel appeared by telephone at the deposition (ECF Nos. 66-1, 66-2), he filed a Motion to Withdraw as Counsel (ECF No. 65) the same day indicating that the attorney-client relationship had broken down as a result of Plaintiffs' failure to communicate with their counsel and failure to provide adequate responses to Defendants' discovery requests despite repeated requests by counsel. *Id.* On October 7, 2013, the court granted Plaintiffs' counsel's motion to withdraw as counsel and again allowed Plaintiffs thirty (30) days to obtain substitute counsel. (ECF No. 74.)

Plaintiffs have still not responded to these discovery requests. Thereafter, Defendants noticed the depositions of Plaintiffs for November 18, 2013, but Plaintiffs responded that they could not attend due to lack of sufficient notice although the depositions were properly and timely noticed on November 8, 2013. To date, Defendants have still not been able to take the depositions of Plaintiffs for this case.

Plaintiffs, now responding through their initial counsel[3] to Defendants' Joint Motion to

---

[2] Plaintiffs provided partial discovery responses in the form of a list of witnesses and a few copies of photographs. (ECF No. 102-1.)
[3] The court granted Timothy Griffith's request to withdraw as counsel for Plaintiffs. Thereafter, Plaintiffs obtained other counsel and the court also granted that counsel's request to withdraw.

Dismiss for Failure to Prosecute, or in the Alternative Motion to Enlarge Time under Scheduling Order (ECF No. 85) and objecting to the Report (ECF No. 99), request that the court deny the motion based on their new counsel's withdrawal from the case and both Plaintiffs' health issues which have never been previously disclosed to this court. (ECF No. 98.) In the Joint Reply of Defendants to Plaintiffs' Response to Motion to Dismiss for Failure to Prosecute and to Plaintiffs' Objection to Report and Recommendation (ECF No. 102), Defendants request that the court dismiss this action.

## ANALYSIS

The district court has authority under Rule 41(b) to dismiss a case with prejudice, on its own motion, for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A dismissal with prejudice is a harsh sanction, which should not be invoked lightly in view of "the sound public policy of deciding cases on their merits." *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: "'(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (*quoting McCargo v. Hendrick*, 545 F.2d 393, 396 (4th Cir. 1976)).

Applying the above criteria to the facts of this case, the first factor weighs strongly in favor of dismissal because the record supports a finding that Plaintiffs were responsible for the multiple delays in prosecution. Specifically, when withdrawing as Plaintiffs' counsel, attorneys

---

Prior to the filing of the response to Defendants' Joint Motion to Dismiss for Failure to Prosecute, or in the Alternative Motion to Enlarge Time under Scheduling Order (ECF No. 85), this court was not aware that Plaintiffs had retained Mr. Griffith again for this matter, as his counsel did not indicate another appearance on the record.

Thomas and Wills, indicated Plaintiffs failed to communicate with counsel and failed to provide adequate responses to Defendants' discovery requests despite repeated requests by counsel. Thus, Plaintiffs are not blameless.  Therefore, this case is distinguishable from those in which courts have been reluctant to punish a client for the conduct of his attorney.  *See e.g., Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990); *Reizakis*, 490 F.2d at 1135.

In addition, the second factor - a prejudice to the defendant - heavily favors dismissal. Plaintiffs' lack of or delayed responses to interrogatories and documents requests, coupled with the lack of specificity of those responses handicapped Defendants' efforts to prepare for trial. More significantly, Plaintiffs' failure to adequately respond to discovery requests hindered Defendants' ability to make an informed choice whether to risk going to trial or to settle.

Regarding the third factor, whether there has been a history of deliberate delay, the record amply supports a finding that there was a long history of delay.  Plaintiffs have consistently failed to participate in this litigation.  Plaintiffs have repeatedly failed to adequately respond to Defendants' interrogatories and requests for production, even after multiple orders compelling Plaintiffs to respond.  When information was finally given, it was incomplete.  Additionally, Defendants have been unable to take the depositions of Plaintiffs for this case.  Defendants noticed the depositions of Plaintiffs for November 18, 2013, but Plaintiffs responded that they could not attend due to lack of sufficient notice although the depositions were properly and timely noticed on November 8, 2013.  In most instances the delays occurred without any explanation.  The meager explanations for the delays supplied by Plaintiffs' counsel were inadequate.  It is no excuse that Plaintiffs contributed to the problem by failing to respond to their attorney's requests for information.  Plaintiffs' responsibility for the delayed filings is an aggravating, not a mitigating circumstance.  *Claitt v. Newcomb*, 943 F.2d 48 (4th Cir. 1991).

5:12-cv-00708-JMC     Date Filed 03/27/14     Entry Number 113     Page 6 of 7

Consequently, there is no justification for delaying resolution of this case for over two years to the detriment of Defendants.

Finally, the fourth factor asks whether sanctions short of dismissal with prejudice would be effective. The record shows that Plaintiffs have repeatedly failed to respond to notices and filings received from Defendants, provide responses to discovery requests, respond to court orders, or attend their depositions. Additionally, Plaintiffs have been specifically warned that, if they continued failing to adequately respond to discovery requests, their case would be dismissed. *Cf. Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning). Notwithstanding these instructions and warnings, Plaintiffs have failed to file an adequate response. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) (noting that warning to parties was a "salient fact" that distinguishes cases in which default judgment was the appropriate sanction for discovery abuse under Rule 37 Fed. R. Civ. P.). Furthermore, the routine sanction of awarding costs and fees would likely have little, if any, impact on Plaintiffs as they have shown such little respect for the judicial system thus far. Therefore, in considering whether sanctions less drastic than a dismissal with prejudice exist, no option other than outright dismissal presents itself. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (rejecting sanctions such as partial summary judgment or preclusion of certain defenses because without the essential discovery materials, the case could be more difficult to try); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) ("The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct

6

may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.").

This case is now over two (2) years old, yet Plaintiffs have neither pursued their claims nor have they adequately participated in any discovery sought by Defendants. Plaintiffs have been warned that, if they failed to respond adequately to discovery requests, their case could be dismissed. (*See* ECF No. 87.) Plaintiffs cannot bring an action in this court, fail to prosecute the action, and then prohibit Defendants from appropriately defending the action. Plaintiffs have continued to make unverified excuses for their dilatory actions thereby hindering this case from proceeding to a resolution. At this juncture, Defendants are severely prejudiced in their ability to defend this action without full participation by Plaintiffs and receipt of discovery responses from them. Thus, this court finds that dismissal with prejudice is the appropriate sanction in this case.

Therefore, the court **ACCEPTS** the magistrate judge's Report and Recommendation and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2014
Columbia, South Carolina