# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Christina Fant, Alvin E. Jordan, Jr., )<br>  ) | Civil Action No. 5:12-cv-00708-JMC |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Debbie Reser, Lake Marion Resort & ) | |
| Marina, City of Sumter, Robbie Richburg, ) | |
| Officer Vaughn, County of Orangeburg, ) | |
| Officers John Doe, County of Clarendon, ) | |
| Board of Lake Marion Resort & Marina, ) | |
| Directors and Members of the Board of ) | |
| Lake Marion Resort & Marina, Water ) | |
| Holidays Owner's Association, Inc., Agent ) | |
| Thrower, Danny Ellis, Nina Ellis, David ) | |
| Ard, Sumter County, Darren Quiroz, ) | |
| President of Lake Marion Resort & Marina ) | |
| Frank, Frank LNU, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon Plaintiff Christina Fant's ("Plaintiff") Motion for Reconsideration (ECF No. 115), requesting that the court reconsider its order which accepted the magistrate judge's Report and Recommendation ("Report"), (ECF Nos. 95, 113). In that order dated March 27, 2014, the court dismissed the instant action with prejudice due to Plaintiff's lack of prosecution, failure to cooperate in discovery, and failure to comply with a court order. (ECF No. 113.) In reaching the decision to terminate this action, the court noted that the case was over two-years old and that Plaintiff presented nothing more than unverified excuses to explain her lack of participation in the case. (*Id.* at 7.)

1

In her motion, Plaintiff presents new evidence which she asserts supports her contention that emotional distress caused her inability to comply with discovery requests and appear at depositions. (ECF No. 115 at 1.) The evidence which Plaintiff provides is a nurse practitioner's medical report following an appointment on March 3, 2014 with Plaintiff. (ECF No. 115-1 at 4.) In that report, the nurse practitioner summarizes Plaintiff's subjective complaints of increased anxiety. (*Id.*) The nurse practitioner also notes Plaintiff's admission that despite her anxiety she is able to cook, clean, drive, and perform her usual daily activities. (*Id.*)

Defendants Thrower, County of Orangeburg, City of Sumter, Robbie Richburg, Officer Vaughn, and Darren Quiroz have responded in opposition to Plaintiff's motion arguing that Plaintiff's evidence is insufficient and too untimely to merit the granting of her motion. (*See* ECF Nos. 116, 118). The court agrees.

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010). The court finds that Plaintiff's meager evidence of an anxiety issue does not overcome its considered decision to dismiss the action following Plaintiff's failure to adequately pursue her case. The court is particularly unpersuaded by Plaintiff's medical note because it is dated after all of the instances in which Plaintiff failed to participate in this case, and over a year after the court granted Defendant Thrower's first motion to compel.[1] (*See* ECF No. 113 at 2.)

Accordingly, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 115).

---

[1] The court granted Defendant Thrower's first motion to compel on February 19, 2013. (*See* ECF No. 57.) Defendant Thrower later moved for sanctions on March 14, 2013, and Defendants filed a joint motion to dismiss for failure to prosecute on July 18, 2013. (*See* ECF Nos. 60, 66.)

**IT IS SO ORDERED.**

United States District Judge

July 8, 2014
Columbia, South Carolina